PATTERSON, Judge.
The state challenges the trial court’s dismissal of the charge against Y.H. for a lewd and lascivious act on a child under sixteen. The state correctly contends that the trial court erred in dismissing the charge based on section 39.048(6), Florida Statutes (1991), the juvenile “speedy file” rule.
Section 39.048(6), Florida Statutes (1991), provides: “On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody.” The trial court determined that service on Y.H.’s mother of a summons triggered the “speedy file” rule. Section 39.01(51), Florida Statutes (1991), defines “taken into custody”:
“Taken into custody” means the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.
The state never exercised “temporary physical control” over Y.H. At all times during these proceedings, Y.H. was in his mother’s physical custody. Because Y.H. was never taken into custody, we reverse the trial court’s order dismissing the charge against him and remand for further proceedings.
Reversed and remanded.
FRANK, C.J., concurs.
SCHOONOVER, J., concurs in result only.