JORGENSON, Judge.
The State of Florida appeals from an order dismissing a petition for delinquency for failure to file the petition within 45 days of taking C.S. into custody. For the following reasons, we reverse.
In the latter part of March and in early April of 1993, Metro Dade Police began investigating two cases in which C.S. was implicated. The first case (case I) involved an incident at C.S.’ school, after which C.S. was arrested and then released to the custody of his parents. The second ease (case II) concerned criminal mischief and theft at a private residence. This appeal concerns the sequence of events that led to a petition for delinquency filed in case II.
On May 4, 1993, C.S. appeared in court with his parents pursuant to a phone call informing them that case I was on the calendar for that day. At this point the State had not filed a petition for delinquency in Case II; only an arrest affidavit had been filed.[1] The trial court noted that it had two cases listed on its calendar printout for C.S. — both case I and case II. The State was not ready to proceed. The trial court set the next appearance for May 18, 1993, and personally delivered to C.S. and his parents an official clerk summons to appear again on May 18. The summons included the ease numbers for both case I and case II. C.S. was released to his parents’ custody. On May 18, 1993, C.S. *110 and his parents appeared on case II pursuant to the summons they had received on May 4; the State was not ready to proceed, and the court again issued a summons and directed C.S. to appear on June 4. C.S. appeared on June 4 and again on June 22; each time the case was continued. The State filed a petition for delinquency in case II on June 30, 1993, fifty-seven (57) days after his initial appearance before the court on May 4. On July 26, 1993, C.S. moved to dismiss the petition on the ground that the State failed to file it within 45 days of his being “taken into custody” on May 4.[2] The trial court granted the motion on August 19, 1993; the State appeals.
The trial court erred in dismissing the petition. C.S. had not been “taken into custody” on May 4 within the meaning of section 39.01(51), Florida Statutes (1993). “Taken into custody means the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.” § 39.01(51), Fla. Stat. (1993). C.S. appeared on May 4 in response to a scheduled hearing on Case I. When he appeared on May 18 pursuant to the summons, his appearance was in response to a directive of the judge and related, as provided by the summons, to both Case I and Case II. May 18, therefore, is the earliest date that he was “taken into custody” for Case II within the meaning of section 39.01(51). Service of the summons on May 4 to appear on May 18 did not amount to the State’s exercise of temporary physical custody. State v. Y.H., 622 So.2d 1159 (Fla. 2d DCA 1993).
When C.S. was taken into custody on May 18, the 45-day rule was no longer in effect. In 1993, the Florida Legislature eliminated the following language from section 39.048:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody. The court may grant an extension of time not exceeding an additional 15 days for cause, upon motion by the state attorney.
Ch. 93-230 § 14, Laws of Florida (1993). The deletion of the 45-day rule became effective on May 15, 1993, three days before C.S. was taken into custody.[3]
In sum, the trial court erred in dismissing the delinquency petition as untimely filed, based on a rule that had expired two months earlier. Accordingly, we reverse the order of dismissal and remand with directions to reinstate the petition.
Reversed and remanded with directions.

. The parties agree that C.S. was never arrested on charges relating to case II.

. The trial court appears to have been relying on the 1991 version of section 39.048(6), which provided that ”[o]n motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody.” That section had been deleted in the 1993 legislative session. Ch. 93-230 § 14, Laws of Florida (1993) (effective May 15, 1993).

. In light of the deletion of the 45-day rule, the date on which C.S. was taken into custody is irrelevant to an analysis of the timeliness of the petition. The date is relevant, however, to determine whether the deletion of the “speedy file” rule applies to C.S.' proceeding.